UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA HARDAWAY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1062 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are cross-motions for summary judgment filed by the plaintiffs, Monica Hardaway and Glenn Hardaway (collectively "the Hardaways"), and the defendants, Select Portfolio Servicing, Inc. ("SPS") and Deutsche Bank National Trust Company, as Trustee, In Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-WL1, Asset-Backed Certificates, Series 2006-WL1 ("Deutsche Bank"). Having carefully reviewed the complaint, motions, responses, replies, and applicable law, the Court will **GRANT** the defendants' motion (Dkt. 45) and **DENY** the plaintiffs' motion (Dkt. 48).

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are established by the summary judgment record and by public records of which the Court can take judicial notice.[1] On August 4, 2005, Monica

---

[1] The Court may take judicial notice of matters of public record, *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007), including documents recorded in county real property records. *See, e.g., Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 587 Fed. App'x 86, 87 & n.3 (5th Cir.

Hardaway executed a fixed/adjustable rate note ("the note") to obtain a $300,000.00 loan from Long Beach Mortgage Company ("Long Beach" or "Long Beach Mortgage") to purchase property located at 1303 Azalea Bend Drive in Sugar Land, Texas ("the property") (Dkt. 45-2 at pp. 8–13). On the same date, the Hardaways secured the note by executing a deed of trust with respect to the property ("the deed of trust") that named Long Beach as beneficiary (Dkt. 45-2 at pp. 15–23).[2]

The events that followed were well summarized by Judge Garcia of the Western District of Texas:

> On or around July 1, 2006, Washington Mutual Bank became the successor-in-interest to Long Beach Mortgage. On or around September 25, 2008, Washington Mutual was closed by the United States Office of Thrift Supervision and the Federal Deposit Insurance Corporation. Pursuant to a purchase and assumption agreement, JPMorgan Chase Bank, N.A. acquired all loans and loan commitments of Washington Mutual. On or around [July 2, 2009], JP Morgan assigned "all beneficial interest" under the Deed of Trust to Deutsche Bank.
> *Marshall Deutsche Bank National Trust Co. v. Marshall*, Civil Action No. SA-13-CV-937, 2014 WL 12489736, at *3 (W.D. Tex. July 21, 2014) (record citations, footnote, and abbreviations omitted; date in last sentence changed to reflect date of assignment in the Hardaways' case).[3]

---

2014) ("We may consider the deed of trust, the assignment of the deed of trust, and the Declaration in deciding the motion to dismiss since they . . . are matters of public record.").

[2] The Fort Bend County, Texas real property records indicate that, on the same date, the Hardaways also took out a second mortgage on the property in the amount of $75,000.00 ("the second mortgage"). The second mortgage was memorialized in the Fort Bend County real property records with an instrument entitled "Security Document (Second Lien)," and a release of lien for the second mortgage was filed on April 15, 2015. *See* the real property records of Fort Bend County, Texas, instrument numbers 2005095787 and 2015038944.

[3] To be precise, on September 25, 2008, the Director of the Office of Thrift Supervision appointed the Federal Deposit Insurance Corporation ("the FDIC") as receiver of Washington Mutual (Dkt. 45-2 at p. 136). On that same date, JP Morgan Chase ("Chase") then purchased all of Washington Mutual's assets from the FDIC (Dkt. 45-2 at pp. 140, 152). Years later, in order "to further memorialize the transfer [of the Hardaways' loan] that occurred by operation of law on September 25, 2008 [under] Section (d)(2)(G)(i)(II) of the Federal Deposit Insurance Act" when Chase made the purchase from the FDIC, Chase recorded an individual assignment of the

In addition to citing *Marshall*, the defendants have presented competent summary judgment evidence documenting all of those events (Dkt. 45-2 at pp. 25–26, 133–183).

After Chase assigned the deed of trust to Deutsche Bank, it continued to service the Hardaways' mortgage loan (Dkt. 45-2 at pp. 4–6, 44–47). The Hardaways' mortgage loan went into default beginning in November 2015, and Chase sent the Hardaways a notice of default and intent to foreclose on January 12, 2016 (Dkt. 45-2 at pp. 44–47). On April 27, 2016, SPS sent the Hardaways a letter informing them that SPS would be servicing the Hardaways' mortgage loan beginning in May of 2016 (Dkt. 45-2 at pp. 49–50). SPS was the sub-servicer of the Hardaways' loan on behalf of Chase, which remained the master servicer (Dkt. 45-2 at p. 5). The Hardaways failed to cure the default, and on December 12, 2016 SPS sent the Hardaways a notice of acceleration and notice of foreclosure sale (Dkt. 45-2 at pp. 52–63).

On January 3, 2017, a foreclosure sale was held at which Deutsche Bank purchased the property (Dkt. 45-2 at p. 68). The Hardaways then filed this lawsuit in Texas state court, asserting the following causes of action: (1) equitable set-aside of foreclosure, (2) violations of the Texas Debt Collection Practices Act, and (3) trespass to try title (Dkt. 1-4 at pp. 5–7). The Hardaways also sought declaratory and injunctive relief (Dkt. 1-4 at pp. 6–8). In an amended state-court petition, the Hardaways reasserted

_____

deed of trust from the FDIC, as receiver of Washington Mutual, to Chase (Dkt. 52-1 at p. 188). This assignment was recorded in the Fort Bend County, Texas real property records as instrument number 2014133401.

their claims and added claims for "fraudulent filings," fraud, and wrongful foreclosure (Dkt. 1-13). Defendants then removed the case to this Court (Dkt. 1).

At the core of all of the Hardaways' claims for relief is their contention that "Defendants did not have the standing or legal right to declare a default in payment of the Note, accelerate the maturity of the Note, or foreclose on the security interest in the Property" (Dkt. 1-13 at p. 15). The Hardaways have presented almost no competent summary judgment evidence, and the few admissible pieces of evidence that they have provided do not help to establish any claim for relief. Although the Hardaways verified the largely conclusory allegations in their original state-court pleading,[4] they filed an unverified amended state-court pleading that did not specifically refer to and adopt or incorporate by reference the original verified pleading (Dkt. 1-13); the unverified pleading thus superseded and nullified the verified one. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). There is no evidence showing that the Hardaways' mortgage loan did not go into default, and there is no evidence showing that the Hardaways cured the default (Dkt. 1-4).[5] The Hardaways have not provided any affidavits either swearing to facts or authenticating any of the 25 exhibits that the Hardaways have attached to their summary judgment briefing (Dkt. 48, 49, 50). Defendants have objected to 22 of the Hardaways' exhibits—namely, Plaintiffs' Exhibits 1 through 5 and 8 through 24—on the basis of

---

[4] "On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit." *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003).

[5] At the hearing on the parties' cross-motions for summary judgment, the Hardaways contended that a "release of lien" filed in the Fort Bend County property records establishes that Defendants lacked standing to foreclose. This is apparently a reference to the release of lien filed in 2015 that deals with the second mortgage. Defendants did not attempt to foreclose on the second mortgage.

insufficient authentication (Dkt. 52 at p. 12). The Hardaways have not responded. Defendants' objections are sustained.[6]

## Summary Judgment Standard

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (1986). *Anderson v. Liberty Lobby, Inc.,* 106 S. Ct. 2505, 2510 The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 106 S. Ct. 2548, 2552 (1986). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting *Celotex*, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.* If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits,

---

[6] Three of the Hardaways' exhibits survive Defendants' objections: (1) a copy of the Fort Bend County Appraisal District's page regarding the property (Exhibit 6); (2) a copy of the assignment memorializing the 2008 transfer of the Hardaways' loan from the FDIC to Chase, which was discussed earlier in this opinion (Exhibit 7); and (3) a copy of a police report indicating that the Hardaways were still occupying the property over a year after the foreclosure sale (Exhibit 25).

depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Id.* The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 106 S. Ct. 1348, 1356 (1986).

Generally, in reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.,* 120 S. Ct. 2097, 2110 (2000). That said, however, the court resolves factual controversies in favor of the nonmovant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little,* 37 F.3d at 1075. Unverified pleadings and unauthenticated documents are not competent summary judgment evidence. *Dogan,* 31 F.3d at 346. Although the Hardaways are proceeding pro se, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise pro se parties of their burden in opposing a summary judgment motion. *Martin v. Harrison County Jail,* 975 F.2d 192, 193 (5th Cir. 1992).

## ANALYSIS

The Hardaways' claims for relief are all grounded on the contention that Defendants lacked standing to foreclose. On this summary judgment record, the Hardaways have not presented a triable fact issue.

**A.** **The summary judgment evidence establishes that Deutsche Bank possessed the original note, which was endorsed in blank, at the time of foreclosure.**

First, the evidence shows that Defendants had standing to foreclose because: (1) Deutsche Bank possessed the original note, which was endorsed in blank, at the time of the foreclosure (Dkt. 45-2 at pp. 5–6, 8–13); and (2) SPS was the mortgage servicer as defined by Texas law at the time of the foreclosure, which gave SPS the authority to administer the foreclosure of the property on Deutsche Bank's behalf (Dkt. 45-2 at pp. 5–6, 49–63).

Simply put, "[u]nder Texas law, a bank in possession of a note indorsed in blank is entitled to collect on it." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. App'x 833, 835 (5th Cir. 2013). "Moreover, under Texas law, the mortgage follows the note[,]" so "the validity of the assignment of . . . the deed of trust . . . is beside the point." *Kiggundu v. Mortgage Electronic Registration Systems Inc.*, 469 Fed. App'x 330, 331 (5th Cir. 2012); *see also EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 541 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed. Thus, by producing a note indorsed in blank, [the bank] was not required to show how the note was transferred. Furthermore, because the rule in Texas is that the mortgage follows the note, [the bank] would be entitled to foreclose on the property as holder of the note even if the assignment of the deed of trust was void.") (citations, quotation marks, and parenthetical quotations omitted). The Hardaways assert that the blank endorsement is actually an improper allonge (Dkt. 48 at p. 27). But,

assuming that the endorsement is an allonge as opposed to an endorsement on the back of the last page of the note, the Hardaways have presented no evidence to support their assertion that the allonge was improper, and "[t]he use of an allonge, without more, does not create an automatic fact issue as to whether the indorsement is valid." *Green v. JP Morgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 860 (N.D. Tex. 2013) (quotation marks omitted), *aff'd*, 562 Fed. App'x 238 (5th Cir. 2014). "Because the mere use of an allonge does not give rise to a fact issue, and because [the Hardaways have] pointed to no other evidence that the indorsement is invalid, the Court concludes that there is no factual dispute as to whether the indorsement is valid." *Id*. The competent summary judgment evidence establishes that Deutsche Bank possessed the original note, which was endorsed in blank, at the time of the foreclosure. Deutsche Bank accordingly had standing to foreclose.

The competent summary judgment evidence also establishes that SPS was the mortgage servicer as defined by Texas law at the time of the foreclosure, which gave SPS the authority to administer the foreclosure of the property on Deutsche Bank's behalf (Dkt. 45-2 at pp. 5–6, 49–63). *See* Tex. Prop. Code §§ 51.0001(3), 51.0025. There is no evidence showing otherwise.

**B.    There is no break in the chain of title between Long Beach and Deutsche Bank.**

The evidence also establishes that Defendants had standing to foreclose because there is no break in the chain of title between Long Beach and Deutsche Bank. The competent summary judgment evidence, much of which is judicially noticeable, contains

all of the documentation necessary to trace the chain of title from Long Beach to Washington Mutual to the FDIC to Chase to Deutsche Bank. This same evidence establishes that, again, SPS was the mortgage servicer as defined by Texas law at the time of the foreclosure, which gave SPS the authority to administer the foreclosure of the property on Deutsche Bank's behalf.

To the extent that the Hardaways are attempting to challenge the assignments in that chain of title, Texas law only allows them to do so on grounds that would render the assignments void, and not merely voidable. *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220, 225 & n.8 (5th Cir. 2013) (applying Texas law) (citing *Tri-Cities Construction, Inc. v. American National Insurance Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ)). An obligor may not challenge assignments on grounds that would render those assignments merely voidable "because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice." *Tri-Cities*, 523 S.W.2d at 430. As one prominent treatise puts it, "[i]f the objection to the validity of an assignment is not that it is void but voidable only at the option of the assignor, or of some third person, the debtor has no legal defense whether or not action is brought in the assignee's name, for it cannot be assumed that the assignor is desirous of avoiding the assignment." *Reinagel*, 735 F.3d at 226 n.17 (quoting 29 Richard A. Lord, Williston on Contracts § 74:50 (4th ed. 2012)). There is no evidence in the record that any assignment in the chain of title is void. More to the point, there is no evidence in the record indicating that the Hardaways may be subject to double collection, and there is no evidence in the record that would

permit the inference that any assignor in the chain may desire to avoid or may attempt to avoid its assignment.

What the only competent summary judgment evidence in the record does show is this: the Hardaways defaulted on their mortgage loan and never cured the default. Deutsche Bank held the note endorsed in blank and was the last assignee of the deed of trust. Chase, as servicer of the mortgage, provided notice of default and intent to foreclose. SPS, as servicer of the mortgage, provided notice of acceleration and notice of foreclosure sale. Defendants had standing to foreclose, and the Hardaways received notice in compliance with Texas law.[7] Defendants are entitled to summary judgment.

---

[7] Under Texas law, "effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex. 2001). If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. *Shumway v Horizon Credit Corp.,* 801 S.W.2d 890, 893 (Tex. 1991). A proper notice of default must give the borrower notice that the alleged delinquency must be cured, or else the loan will be accelerated, and the property will go to foreclosure. *Id.*

**CONCLUSION**

The Court finds that Deutsche Bank and SPS are entitled to summary judgment in this action. Accordingly, Defendants' motion for summary judgment (Dkt. 45) is **GRANTED**, and the Hardaways' motion for summary judgment (Dkt. 48) is **DENIED**. Any other pending motions are **DENIED AS MOOT**. This case is **DISMISSED WITH PREJUDICE**. A separate final judgment will issue.

SIGNED this day 10th day of April, 2020.

George C. Hanks Jr.
United States District Judge